# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAWRENCE GLASER,

    Petitioner,

      v.

                                **Civil Action No. 12-805 (CKK)**

JONATHAN RUSSELL LEGG, *et al.*,

    Respondents.

## MEMORANDUM OPINION
(March 11, 2013)

This matter comes before the Court on Petitioner Lawrence Glaser's Verified Petition to Vacate Arbitration Award and Respondents Jonathan Russell Legg, Morgan Stanley & Co., and Edmund Stephan's [7] Cross-Petition to Confirm Arbitration Award. The Petitioner seeks to vacate, and the Respondents seek to confirm, a February 16, 2012 FINRA Dispute Resolution arbitration award. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds the petition to vacate is untimely, and the Petitioner is barred from raising any grounds in support of vacatur as affirmative defenses to the Respondents' cross-petition to confirm the award. In opposing the cross-petition, the Petitioner failed to identify any other grounds to deny confirmation. Accordingly, the petition to vacate is DISMISSED as untimely, and the cross-petition to confirm the arbitration award is GRANTED.

---

[1] Pet'r's Pet. to Vacate ("Pet."), ECF No. [1]; Resp'ts' Opp'n & Cross-Pet. to Confirm ("Cross-Pet."), ECF Nos. [7-10]; Pet'r's Opp'n to Cross-Pet. & Reply ("Pet'r's Reply"), ECF Nos. [14, 15]; Resp'ts' Reply, ECF No. [19].

# I. BACKGROUND

*A.      Factual Background*

The facts relevant to the disposition of the parties' petitions are undisputed.  In 2002, the Petitioner initiated arbitration against the Respondents asserting a number of claims arising out of the Petitioner's purchase of securities from Enzo Biochemical, Inc.  Resp'ts' Ex. E (12/8/04 NASD Dispute Resolution Award) at 1-2.  The parties executed a settlement agreement resolving the Petitioner's claims on February 24, 2004.  Resp'ts' Ex. D (Release & Settlement Agreement). At the parties' request, the National Association of Securities Dealers Dispute Resolution arbitration panel entered a stipulated award dismissing with prejudice all claims for relief asserted by the Petitioner.[2]  Resp'ts' Ex. E at 4. The Supreme Court of the State of New York subsequently confirmed the award.  Resp'ts' Ex. F (*Morgan Stanley v. Glaser*, No. 110724/2005, Am. Order (N.Y. Sup. Ct. Dec. 12, 2005)).

The Petitioner initiated a new arbitration proceeding in 2011, alleging that the Respondents fraudulently induced the Petitioner to enter into the 2004 settlement agreement by (1) failing to turn over relevant documents to the Petitioner; (2) failing to disclose payment to the Petitioner's former counsel in excess of the settlement amount; and (3) failing to disclose certain "newly discovered" facts regarding the underlying securities offering.  Pet'r's Ex. C (Stmt. of Claim) at 2.  The Petitioner asked the new panel to void the 2004 settlement agreement, and adjudicate the substance of the Petitioner's claims arising out of the underlying securities purchase at issue in the 2002 proceeding.  *Id.* at 27-43.  The Respondents moved to dismiss the

---

[2]  The arbitration panel entered the initial stipulated award on May 19, 2004.  Resp'ts' Ex. E at 3.  The parties subsequently asked the panel to reopen the matter and execute an amended stipulated award "in order to correct an omission."  *Id.*  For purposes of this case, it is sufficient to note that the arbitration panel entered an award memorializing the parties' settlement agreement, which was subsequently confirmed by a New York state court.

arbitration on, among grounds, that the new proceeding constituted an improper collateral attack on the 2004 award, which could only be set aside by way of a petition to vacate in federal court. Resp'ts' Ex. I (Resp'ts' Mot. to Dismiss) at 7-8.   The arbitration panel agreed with the Respondents, noting that

> It has no authority to vacate the earlier arbitral proceeding and reexamine the issues there considered.  It is settled law that, once an arbitration has been conducted under a valid arbitration agreement involving interstate commerce, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA") provides the exclusive remedy for challenging acts that may justify the *vacatur* of the award.

Resp'ts' Ex. A (2/16/2012 FINRA Dispute Resolution Award)[3] at 5.   The panel issued its decision on February 16, 2012, and mailed notice of the decision to the parties the same day.  *Id* at 7; Resp't's Ex. M. (2/16/2012 Ltr B. Simon to Resp'ts).

The Petitioner filed the present petition to vacate on May 17, 2012, and served the Respondents with notice of the petition on July 20, 2012.  Pet'r's Notice of Filing, ECF No. [6]. The Petitioner contends the Court should vacate the arbitration award on the grounds that (1) two of the arbitrators failed to complete required training, Pet. ¶¶ 9-10; (2) the arbitrators failed to record the initial pre-hearing conference call, *id.* at ¶¶ 12-14; (3) the panel failed to read the Petitioner's pleadings or consider his arguments, *id.* at ¶¶ 18-29; and (4) the award was procured by misconduct on the part of Respondents' counsel, namely "fail[ing] to appraise the panel of adverse authority such as the fact that a Motion to Dismiss should only be granted if there are no set facts upon which claimant could prevail," and "willfully misrepresent[ing] the nature of the Claimants [sic] in an attempt to raise claims settled in 2004," *id.* at ¶ 31.  For their part, the Respondents argue the petition to vacate is untimely because it was not served on the Respondents within three months of the entry of the arbitration award.  Cross-Pet. at 16-17.  The

---

[3] FINRA, the Financial Industry Regulatory Authority, is the successor to the NASD.

Respondents further assert that the Petitioner is barred from raising the arguments in his motion to vacate as defenses to the cross-petition to confirm the award, and that the purported errors identified by the Petitioner are not grounds for vacating the award.  Resp'ts' Reply at 5-7.

      B.     *Statutory Framework*

The Federal Arbitration Action provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  The Court may vacate an award where: (1) the award was "procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators, or either of them"; (3) the arbitrators were guilty of misconduct or misbehavior "by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  *Id.* at § 10(a)(1)-(4).  "[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."  *Id.* at § 9.  The Court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10-11]."  *Id.*

## II. DISCUSSION

Despite the number of issues raised by the Petitioner, the Court need only address two points in resolving the parties' petitions.  First, the petition to vacate is untimely because it was not *served* on the Respondents within three months as required by the plain text of the Federal Arbitration Act.  Second, because his petition to vacate is untimely, the Petitioner cannot assert the cited grounds for vacatur in opposition to the Respondents' cross-petition to confirm the award.  Absent any statutory basis to deny the cross-petition, the Court shall confirm the award.

A.      *The Petition to Vacate the Arbitration Award Is Untimely*

Pursuant to the Federal Arbitration Act, the Petitioner was required to serve notice of his petition to vacate on the Respondents "within three months" after the award was "filed or delivered."  9 U.S.C. § 12.  The FINRA Dispute Resolution Award was filed on February 16, 2012, but the Petitioner did not serve the Respondents until July 20, 2012, over five months later.  The Petitioner contends that "a petition to vacate an arbitration award is timely if *filed* within three months of the delivery of the award," and "[h]ere there is no question that the petition was filed within three months from the delivery of the award."  Pet'r's Reply at 10-11 (emphasis added).  This argument is meritless.

First, it is not clear that the petition to vacate was even filed within the three month statute of limitations insofar as the award was delivered on February 16, 2012, but the petition was not filed until May 17, 2012.  Admittedly, the date on which the Petitioner actually received the mailed copy of the arbitration award is considered the date of delivery for purposes of 9 U.S.C. § 12.  *Sargent v. Paine Webber Jackson & Curtis, Inc.*, 882 F.2d 529, 531 (D.C. Cir. 1989).  However, the Petitioner failed to identify the date on which he received the arbitration award, thus the Court can only look to the undisputed date of filing to determine the timeliness of service of notice of the petition to vacate.

Second and most importantly, the plain text of the statute requires *service* of notice of a motion to vacate rather than mere filing within the three month time limit, and, as the D.C. Circuit has explicitly held, the Court has no authority to extend the statutory deadline for service.  *Argentine Republic v. National Grid PLC*, 637 F.3d 365, 368-69 (D.C. Cir. 2011).  Here, the Petitioner did not serve the Respondents with notice of his petition until over five months after the arbitration award was filed.  Even assuming a reasonable period of delay between mailing of

the award and receipt by the Petitioner, the service of notice in this case would still be untimely. "Absent any evidence whatsoever of timely service of notice," the Court shall dismiss the petition to vacate.[4] *Id.* at 369.

> **B.** *Petitioner Cannot Raise Arguments in Favor of Vacatur in Opposition to the Cross-Petition to Confirm*

The Petitioner suggests that "[e]ven if the Court were to determine the petition was not timely, petitioner is still free to present his argument against confirmation in opposition" to the cross-petition.  Pet'r's Reply at 11.  "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act."  *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986).  Accordingly, at least five Circuits have held that if a party fails to file a timely motion to vacate, that party is precluded from raising purported grounds for vacating the award under 9 U.S.C. § 10 in opposing a motion to confirm the award.  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984) ("[A] party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm.");  *accord Domino Grp., Inc. v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 419-20 (8th Cir. 1993);  *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989);  *Prof'l Adm'rs Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642 (6th Cir. 1987);  *Taylor*, 788 F.2d at 225;  *see also Chauffeurs, Teamsters, Warehouse-men & Helpers, Local*

---

[4]   The Court is bound by the D.C. Circuit's holding in *Argentine Republic*, but even absent that precedent, the cases cited by the Petitioner offer no support for ignoring the plain text of the statute.  *Fradella v. Petricca*, 183 F.3d 17, 19-21 (1st Cir. 1999) (finding deadline in 9 U.S.C. § 12 was not tolled by application to modify the award or under the doctrine of equitable tolling).  *Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Local 261*, 912 F.2d 608, 611-12 (2d Cir. 1990) (finding the statute of limitations in 9 U.S.C. § 12 did not govern the dispute brought under the Labor Management Relations Act).

*Union No. 135*, 628 F.2d 1023, 1026 (7th Cir. 1980).

The D.C. Circuit has not squarely addressed this issue, but other courts in this district have recognized that "courts have uniformly held that a party who fails to make a timely motion to vacate an arbitration award is barred from raising affirmative defenses in a suit to enforce the award." *Sheet Metals Workers Nat'l Pension Fund v. Metals & Machining Fabricators, Inc.*, 622 F. Supp. 116, 118 (D.D.C. 1985); *see also Int'l Technologies Integration, Inc. v. Palestine Liberation Org.*, 66 F. Supp. 2d 3, 14 (D.D.C. 1999). "Any other result would do violence to the underlying purposes of arbitration in general and the FAA." *Palestine Liberation Org.*, 66 F. Supp. 2d at 14.

The Petitioner does not even attempt to distinguish this immense body of case law, and instead rests his argument on an out-of-context quotation from the D.C. Circuit's decision in *Argentine Republic*. Argentina asserted that the district court erred by granting the respondent's cross-motion to confirm the award "without giving Argentina the opportunity to raise defenses afforded to it by the Convention," referring to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.* 637 F.3d at 369. The court rejected this argument, explaining

> Confirmation proceedings under the Convention are summary in nature, and the court must grant the confirmation unless it finds that the arbitration suffers from one of the defects listed in the Convention. Because Argentina made no attempt to raise those defects in the district court, we affirm the grant of National Grid's cross-motion for recognition of the arbitral award.

*Id.* (citation omitted); *see* 9 U.S.C. § 207 ("The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."). The Convention provides that "[r]ecognition and enforcement of the award may be refused, at the request of the party against whom it is invoked" if that party proves (1) the

contract containing the arbitration clause does not apply to that party; (2) the party was not given proper notice of the arbitration proceedings or the arbitration was procedurally defective; (3) the award exceeds the scope of the issues submitted for arbitration; (4) the award is not final or has been vacated; (5) the matter at issue is not subject to arbitration in under the laws of the country in which confirmation is sought; or (6) recognition of the award would be contrary to public policy in the country in which confirmation is sought.  21 U.S.T. 2517, art. V.

The extensive grounds for denying confirmation under the Conventions stands in stark contrast to the summary confirmation provided by the Federal Arbitration Act.  The Convention explicitly permits the party opposing confirmation to raise issues like those asserted by the Petitioner, but the Federal Arbitration Act simply does not.  The D.C. Circuit's holding in *Argentine Republic* simply reflects the comprehensive and substantive nature of confirmation proceedings under the Convention, but does not address the summary procedures for confirmation of awards set forth in the Federal Arbitration Act.  Therefore, for the reasons articulated by the Circuit decisions cited *supra* and in the *Palestine Liberation Organization* decision, the Court finds that because the Petitioner failed to file a timely motion to vacate, he is barred from raising the arguments articulated in his petition—or any other grounds the Petitioner might assert in support of vacating the award—as defenses to the Respondents' cross-petition to confirm the award.

### C. *The Arbitration Award Must Be Confirmed*

The Respondents filed their cross-petition to confirm the award on August 6, 2012, well within the one year statute of limitations.  Apart from the arguments in support of his petition to vacate, the Petitioner fails to identify any grounds on which to deny confirmation.  The award has not been vacated, modified, or corrected, therefore the Court shall grant the cross-petition

and confirm the award.  9 U.S.C. § 9.

### III.  CONCLUSION

By statute, the Petitioner was required to serve notice of his petition to vacate the arbitration award at issue within three months of the filing of the award.  The Petitioner failed to serve the Respondents with notice of the petition to vacate until over five months after the award was filed, therefore the Court shall dismiss the petition to vacate as untimely.  Furthermore, the Court adopts the rule utilized by at least five other Circuits and previously endorsed in this district, which precludes the Petitioner from raising arguments in support of vacating the award as affirmative defenses to the Respondents' cross-petition to confirm the award.  Ultimately, because the award has not been vacated, modified, or corrected, the Court shall grant the Respondents' cross-petition and confirm the award.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE